UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

STEVEN DEVARNNE,

                          Plaintiff,

      v.                                1:10-cv-1037

THE CITY OF SCHENECTAY; RYAN KENT;
Individually and as Agent and/or Employee
and Police Officer of the City of Schenectady
and the City of Schenectady Police Department;
C. SEMIONE Individually and as an Agent and/or
Employee and Police Officer of the City of
Schenectady and the City of Schenectady
Police Department,

                          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

      Plaintiff Steven Devarnne commenced the instant action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights and also asserting various state law claims arising out of his arrest and prosecution. Presently before the Court are: (1) Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6); and (2) Plaintiff's cross-motion for leave to amend.

## I.     FACTS[1]

According to the proposed Amended Complaint, on September 4, 2009, at approximately 9:20 p.m., Defendants Kent and Semione, police officers with the City of Schenectady Police Department, had contact with Plaintiff outside the Schenectady High School.  At approximately 9:25 p.m., Plaintiff was leaving a high school football game and was approaching his car when "one of the Defendant Officers approached Plaintiff, and in an unprovoked manner took out his police baton and struck Plaintiff and the other Defendant Officer pushed Plaintiff to the ground and contorted Plaintiff's arms to handcuff him."  Proposed Am. Compl. at ¶ 14.  "Plaintiff complained that his left arm was in severe pain, and as a result of Defendants['] acts, Plaintiff had sustained serious injury to his left arm which required medical treatment."  Id.  Defendants then arrested Plaintiff.  On or about September 8, 2009, Plaintiff was arraigned on the criminal charges.  Id. at ¶ 15.  "[O]n July 7, 2000 [Plaintiff] received an adjournment in contemplation of dismissal (ACOD) on the charges."  Id.[2]

As a result of the foregoing, Plaintiff asserts claims for violations of his right to: (1) due process; (2) freedom from false arrest; (3) freedom from unlawful arrest and seizure; (4) freedom from excessive force; (5) freedom from unlawful imprisonment; and (6) freedom from malicious abuse of process.  Plaintiff also asserts state law claims for false arrest, abuse of process, assault and battery, and negligence.

---

[1] For reasons to be discussed, the Court is granting, in part, Plaintiff's motion for leave to file an Amended Complaint.  Accordingly, for purposes of Defendant's motion to dismiss, the Court will use the facts as alleged in the proposed amended complaint under the assumption that Plaintiff will timely file the proposed amended complaint.

[2] While the proposed Amended Complaint identifies a date of July 7, 2000, the Court presumes that Plaintiff intended to indicate a date after September 8, 2009 (probably July 7, 2010).

Presently before the Court is Defendants' motion to dismiss the Complaint and Plaintiff's motion for leave to file an amended complaint.

## II.     STANDARD OF REVIEW

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65.  "Factual allegations must be enough to raise a right to relief above the speculative level. . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965.  "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. at 1965 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).  A complaint does not suffice "if it tenders naked assertions devoid of further factual enhancement." Ashcroft, 129 S. Ct. at 1949.  Legal conclusions must be supported by factual allegations. Iqbal, at 1950.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949.  "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (quoting Twombly, 550 U.S. 557) (internal quotations omitted).

### III.    DISCUSSION

#### a.    Leave to File an Amended Complaint

Plaintiff moves for leave to file an amended complaint.  In light of: (1) Rule 15's mandate that "[t]he Court should freely give leave when justice so requires;" (2) the fact that this case is in its infancy; and (3) and the proposed amended complaint does not add any new claims, but simply expands the factual allegations of the original complaint, the Court finds that Defendants will not be prejudiced by the proposed amendment.  Accordingly, subject to the exceptions discussed below, the motion for leave to amend is granted. Because Defendants oppose the cross-motion for leave to amend on the ground that the proposed amendment would be futile, the Court will consider Defendants' motion to dismiss as applied to the proposed amended complaint.

#### b.    Defendants' Motion to Dismiss

Defendants move to dismiss the original Complaint and the proposed Amended Complaint on the ground that it fails to meet the requisite pleading standards.  Defendants argue that the Complaint and proposed Amended Complaint (collectively referred to as the "Complaint") "offer[] mere conclusions that the defendants unlawfully harmed the plaintiff."

##### 1.    Due Process

Plaintiff contends that his arrest without probable cause constitutes a violation of due process of law.  While this contention may be legally correct, the remedy for such a

violation is under the Fourth Amendment; not under generalized notions of due process. See Graham v. Connor, 490 U.S. 386, 395 (1989); Quinn v. City of Long Beach, 2010 WL 3893620, at *5 (E.D.N.Y. 2010).  The proposed amended complaint does not cure this deficiency and, accordingly, the assertion of this claim in the proposed amended complaint would be futile.  Accordingly, the due process claim is dismissed as duplicative of the Fourth Amendment false arrest claim.

### 2. False Arrest/Unlawful Seizure/False Imprisonment

The Fourth Amendment protects against unreasonable seizures.  This encompasses the right not to be falsely arrested or imprisoned.  To make out a Fourth Amendment claim, Plaintiff has the burden of proving (1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged.  Curry v. City of Syracuse, 316 F.3d 324, 335 (2d Cir. 2003).

Here, the Complaint alleges that on September 4, 2009, without provocation or reason, Defendants approached Plaintiff, struck him with a baton and handcuffed him.  These allegations are sufficient to state a claim for a violation of Plaintiff's Fourth Amendment rights.[3]

### 3. Excessive Force

To state a claim for the use of excessive force, Plaintiff bears the burden of proving that the force used was objectively unreasonable in light of the facts and circumstances confronting the Defendants.  Richardson v. New York City Health and Hospitals Corp., 2009

---

[3] For similar reasons, these allegations are sufficient to state claims for common law false arrest.

WL 804096, at *10 (S.D.N.Y. 2009) (citing Graham v. Connor, 490 U.S. 386, 397 (1989)); see also Paulk v. Lester, 2010 WL 2560559, at *3 (N.D.N.Y. 2010). The allegations that one of the Defendant police officers struck Plaintiff with his baton without provocation and that the other officer pushed Plaintiff to the ground and contorted his arm in such a manner as to cause serious injury is sufficient to withstand a motion to dismiss.[4]

### 4. Abuse of Process

To state a claim for the malicious abuse of process, Plaintiff must prove that the Defendant or Defendants (1) employed regularly issued legal process to compel performance or forbearance of some act, (2) with intent to do harm without excuse of justification (3) in order to obtain a collateral objective that is outside the legitimate ends of the process. Savino v. City of New York, 331 F.3d 63, 76 (2d Cir. 2003). As to this claim, Plaintiff's Complaint and proposed Amended Complaint merely parrot the elements of the cause of action and make legal conclusions without asserting any facts plausibly supporting such a claim. For example, neither the Complaint nor the proposed Amended Complaint articulate any facts suggesting an ulterior motive by Defendants or a collateral objective the Defendants might have sought to obtain through the use of legal process. Because the proposed amended complaint does not cure this deficiency, the assertion of this claim in the proposed amended complaint would be futile. Accordingly, this claim must be dismissed.

---

[4] For similar reasons, these allegations are sufficient to state a claim for assault and battery and negligence. See Paulk, 2010 WL 2560559, at *3 n.4 (noting that "the essential elements of Plaintiff's excessive force claim is 'substantially identical' to Plaintiff's assault and battery claim.").

### 5. Municipal Liability

It is well-settled that, to impose liability upon a municipality, it must be shown that the alleged constitutional violation was the result of a municipal custom or policy. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978).  "To hold a municipality liable in . . . [a § 1983] . . . action, "a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right."  Zahra v. Town of Southold, 48 F.3d 674, 685 (2d Cir. 1995) (quoting Batista v. Rodriguez, 702 F.2d 393, 397 (2d Cir. 1983)).  While "municipal policy may be inferred from the informal acts or omissions of supervisory municipal officials . . . the mere assertion . . . that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference." Zahra, 48 F.3d at 685 (quoting Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir. 1993)).  "Conclusory allegations of a municipality's pattern or policy of unconstitutional behavior is insufficient to establish a Monell claim." McAllister v. New York City Policy Dep't, 49 F. Supp.2d 688, 705 (S.D.N.Y. 1999).

Here, for the reasons previously stated, there are sufficient allegations of constitutional injury to withstand a motion to dismiss.  It may reasonably and plausibly be inferred from the nature of the alleged constitutional violations that Plaintiff's injuries were caused by a municipal custom or policy (including the failure to adequately train or deliberate indifference to constitutional rights).  As was noted in Kimbrough v. Town of Dewitt Police Depts., 2010 WL 3724121 (N.D.N.Y. 2010) (M.J. Treece), "it is hard to fathom how a plaintiff cold provide more detail at the pleading stage regarding a Monell claim based on failure to train."  Accordingly, while Plaintiff may not ultimately succeed on his claim against the

municipality, the Court finds that the Complaint adequately states a claim sufficient to withstand a Rule 12 motion to dismiss.

## IV.     CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED IN PART and Plaintiff's cross-motion for leave to amend is GRANTED IN PART.  Plaintiff's claims alleging a violation of the due process clause and for the malicious abuse of process are DISMISSED as to the original Complaint.  In all other respects, Defendants' motion to dismiss is DENIED.  The motion for leave to file the proposed amended complaint as to the due process and abuse of process claims is DENIED AS FUTILE.  In all other respects, the motion for leave to amend is GRANTED.  Plaintiff shall file the proposed amended complaint within fourteen days of the date of this Order.  Upon filing of the proposed amended complaint, the due process and abuse of process claims shall be DISMISSED without further order of the Court.

IT IS SO ORDERED.

Dated: January 21, 2011

_____
Thomas J. McAvoy
Senior, U.S. District Judge